# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60441
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 13, 2015

Lyle W. Cayce
Clerk

KONINEDOU FONTA WALKER,

Plaintiff-Appellant

v.

FFVA MUTUAL INSURANCE COMPANY; STATE FARM INSURANCE
COMPANY,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:12-CV-301

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:*

Koninedou Fonta Walker appeals the district court's dismissal of his
lawsuit against FFVA Mutual Insurance Company (FFVA) and the dismissal
of, and grant of summary judgment for, State Farm Insurance Company (State
Farm) for injuries he sustained during an on-the-job motor vehicle accident.
Walker has abandoned his claims against FFVA by failing to brief them. *See*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 14-60441

*Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.3d 744, 748 (5th Cir. 1987).

With respect to his claims against State Farm, Walker has failed to show that the district court erred in granting summary judgment in State Farm's favor.  We review a grant of summary judgment de novo, using the same standard as that employed by the district court.  *Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011).  Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," FED. R. CIV. P. 56(a), and may not be thwarted by conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence.  *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007).

Mississippi law prohibits direct actions by third parties against insurance companies, except where the third party brings a declaratory action against an insurer who has denied coverage or has indicated that it may deny coverage.  MISS. R. CIV. P. 57(b)(2); *Mississippi Mun. Liab. Plan v. Jordan*, 863 So. 2d 934, 942 (Miss. 2003).  State Farm's documentary evidence, including an affidavit from its employee, unequivocally establishes that State Farm has not denied coverage or indicated that it will deny coverage.  Although Walker argues that a letter his attorney sent to State Farm establishes a denial of coverage, his argument is contradicted by the record evidence, including the letter he references.  Because Walker failed to put forward any evidence suggesting the existence of a disputed material fact regarding State Farm's coverage decision, the district court did not err in granting summary judgment in favor of State Farm since Walker's suit against State Farm was prohibited under Mississippi law.  *See* FED. R. CIV. P. 56(a); *Jordan*, 863 So. 2d at 942.

AFFIRMED.